**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **DINA BESIC, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**BYLINE BANK, INC. and BYLINE BANCORP, INC. ,**<br><br>**Defendants.** | **COLLECTIVE ACTION COMPLAINT** |

Plaintiff Dina Besic ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated co-workers who have worked as Assistant Branch Managers ("ABMs") for Byline Bank, Inc. (f/k/a) and Byline Bancorp, Inc. (f/k/a Metropolitan Bank Group, Inc.) (collectively, "Byline" or "Defendant") anywhere in the state of Illinois.

2. Byline is a commercial bank with approximately 90 retail branches in the state of Illinois.

3. Defendant employs ABMs at its branches where they spend the vast majority of their time performing similar duties as non-exempt, hourly-paid, tellers and personal bankers.

4. ABMs, who are classified as exempt, are required to perform non-exempt work in order to keep the branches fully staffed during their long operating hours, and to provide customers with the individualized attention Defendant requires its employees to deliver.

5. Throughout the relevant period, Defendant's policy across its branches has been to uniformly classify ABMs as exempt from federal and state overtime provisions and not to pay ABMs any overtime wages.

6. Defendant regularly requires ABMs to work in excess of 40 hours per week.

7. The primary duty of the ABM position is to perform non-exempt work including: working as a bank teller, working as a personal banker, performing customer service tasks, selling bank products and doing operations work, such as conducting routine audits and reporting.

8. The primary duty of the ABM position does not vary among Defendant's branches.

9. The primary duty of the ABM position does not fall under any of the exemptions under federal or state overtime laws.

10. By the conduct described in this Collective Action Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), by failing to pay ABMs, including Plaintiff, the overtime wages that they have earned and to which they are entitled by law.

11. Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees of Defendant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

12. On January 15, 2015, Plaintiff and Defendant entered into a Tolling Agreement that tolled the statutes of limitations for all FLSA and state wage and hour claims beginning January 15, 2015.

## THE PARTIES

***Plaintiff***

13. Plaintiff Dina Besic is an adult individual who is a resident of Wheeling, Illinois.

14. Plaintiff was employed by Defendant from approximately January 2012 to December 2012. During this period, she worked as an ABM in Defendant's bank branch located in Riverwoods, Illinois.

15. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

16. Throughout her employment with Defendant, Plaintiff typically worked five days a week from approximately 7:45 a.m. to 6:15 p.m., depending on the day. On average, she worked approximately 45 to 50 hours per week.

17. Throughout her employment with Defendant, Plaintiff regularly worked through her lunch breaks.

18. Plaintiff is a covered employee within the meaning of the FLSA.

19. A written consent form for Plaintiff is attached hereto as **Exhibit A**.

***Defendant***

20. Byline is a corporation registered in Illinois, and with a corporate headquarters in Chicago, Illinois.

21. Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

22. Defendant is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiff and similarly situated employees.

23. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

24. Defendant applies the same employment policies, practices, and procedures to all ABMs.

25. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

26. Byline is the entity listed on Plaintiff's IRS Form W-2 Wage and Tax Statement.

**JURISDICTION AND VENUE**

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

28. In addition, the Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

30. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Byline is headquartered there, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendant is subject to personal jurisdiction in Illinois.

**COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

31. Plaintiff brings the Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant as ABMs at any branch location in the United States, on or after January 15, 2012, who elect to opt-

in to this action (the "FLSA Collective").

32. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

33. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

34. Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

35. Plaintiff and the FLSA Collective all perform or performed the same primary duties.

36. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

37. Plaintiff and the members of the FLSA Collective ("Collective Members") worked for Defendant as ABMs.

38. Throughout their employment with Defendants, Plaintiff and the Collective Members consistently worked more than 40 hours per week.

39. Defendant was aware that Plaintiff and the Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

40. While Defendant maintained records of hours worked by Plaintiff and the Collective Members, Defendant did not keep accurate records of all hours worked by Plaintiff or the Collective Members. That is, although Plaintiff and Collective Members routinely worked more than 40 hours, Defendant did not record all of those hours.

41. Plaintiff's and the Collective Members' primary duty was not management.

42. Plaintiff and the Collective Members primarily performed non-exempt hourly work, including performing the duties of bank tellers and personal bankers, such as selling bank products and services, and performing operations work, such as conducting routine audits and reporting. Plaintiff and the Collective Members spent the vast majority of their time performing these non-exempt duties. These duties are the same as the duties performed by hourly-paid tellers, whom are routinely classified as non-exempt.

43. Plaintiff and the Collective Members were required to meet individual sales revenue goals. Defendant evaluated Plaintiff's and the Collective Members' job performance, in part, against these individual sales revenue goals.

44. Plaintiff and the Collective Members were closely supervised by their Branch Managers. Their Branch Managers spent the vast majority of each day in their branches, and were responsible for the overall performance of the branches and for coaching and developing bank employees.

45. Plaintiff and the Collective Members did not exercise any meaningful degree of independent discretion with respect to the exercise of their duties, and were required to follow

the policies, practices, and procedures set by Defendant and their Branch Managers, as well as state and federal banking regulations. Plaintiff and the Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

46. For example, Plaintiff and the Collective Members did not have authority to (a) create or implement management policies, practices, and procedures for Defendants; (b) commit Defendant in matters having significant financial impact; (c) set employee wages; (d) hire, fire, or promote employees; (e) perform performance evaluations that altered the condition of employment for employees; or (f) otherwise materially discipline employees without Branch Manager approval.

## CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

52. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Plaintiff was employed within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54. Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

55. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

56. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

58. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under federal law;

D. Pre-judgment interest and post-judgment interest;

E. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F. Reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other ABMs, and the risks she is undertaking;

G. Attorneys' fees and costs of the action; and

H. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 11, 2015

Respectfully submitted,

*/s/ Justin M. Swartz*

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*and*

Paul W. Mollica
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
Telephone: (312) 924-4888
Facsimile: (646) 509-2075

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* motion forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

***Attorneys for the putative Collective***